UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 06-301 |
| LOUIS JOHNSON | SECTION "K" |

## ORDER AND REASONS

Before the Court is Louis Johnson's petition under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Having reviewed the pleadings, memoranda, and relevant law, the Court finds that the movant is not entitled to relief and denies the motion for the following reasons.

I.   BACKGROUND

A grand jury charged Louis Johnson ("Petitioner") with a fourteen-count second superseding indictment in November 2008, (Rec.Doc. No. 193). In April 2009, Petitioner pleaded guilty to three charges: drug trafficking conspiracy involving at least fifty grams of cocaine base and at least 500 grams of cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A); conspiracy to use, carry, and possess firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(o); and possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). (Rec.Doc. No. 224). Combined, these charges carried a statutory minimum fifteen year term of imprisonment and a maximum of life imprisonment. *Id.* In pleading guilty, Petitioner waived his rights to appeal, including those pursuant to 28 U.S.C. § 2255, though he reserved the right to appeal the denial of his motion to suppress. *Id.*

At re-arraignment, prior to accepting Petitioner's plea, this Court discussed with him, in detail, the consequences of signing the waiver and pleading guilty. (Rec. Doc. 314).

1

Specifically, the Court informed Petitioner that, if he pleaded guilty, he would be sentenced to at least fifteen years imprisonment and up to life imprisonment. (*Id.* at 13). The Court also warned that should the sentence imposed be more than Petitioner anticipated, he would nonetheless be bound by his plea and have no right to withdraw it. (*Id.* at 12). Petitioner acknowledged that he fully understood these terms and was pleading guilty voluntarily. (*Id.* at 6-19). Moreover, Petitioner stated that he had enough time to discuss the case with his attorney, and he expressed satisfaction with his attorney's performance. (*Id.* at 5).

## II. LAW AND ANALYSIS

### A. Evidentiary Hearing

Having fully reviewed the record, the Court determines that Petitioner's claims can be decided on the pleadings, memoranda, and the record and, as such, there is no need for an evidentiary hearing. *See* 28 U.S.C. § 2255; *United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990) ("If the record is clearly adequate to dispose fairly of the allegations, the court need inquire no further."); *Franklin v. United States*, 589 F.2d 192, 193 (5th Cir. 1979). Furthermore, while Petitioner alleges he was promised a shorter sentence than he received (despite his statements under oath to the contrary), he does not allege specifically who made what promise when or that an eyewitness was present. *See United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).

### B. Waiver of Collateral Proceedings

"An informed and voluntary waiver of post-conviction relief is effective to bar such relief." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Nonetheless, an ineffective assistance of counsel challenge may not necessarily be included in such a waiver. *Id.* "Only when the claimed assistance directly affected the validity of that waiver or the plea itself"

can an ineffective assistance of counsel claim survive that waiver. *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). "To be valid, a defendant's waiver of his right to appeal must be informed and voluntary. A defendant must know that he had a 'right to appeal his sentence and that he was giving up that right.'" *U.S. v. Portillo*, 18 F.3d 290, 292 (5th Cir.1994) (citations omitted).

This Court is convinced that Petitioner had such knowledge, especially in light of the Court's intensive inquiry at the time of the plea that Petitioner knowingly waived his right to file for post-conviction relief including the filing of the instant motion pursuant to 28 U.S.C. § 2255. He was specifically informed by the Court that he was waiving these rights. In relevant portions of the colloquy, the Court confirmed the Petitioner's understanding of these waivers:

> THE COURT: … First, you may appeal if I impose a sentence in excess of the statutory maximum. Second … you may appeal your sentence if you can show you were deprived of certain Constitutional rights, including the effective assistance of counsel. And, as stated in your plea agreement, you can appeal the denial of your Motion to Suppress. Do you understand that?
>
> THE DEFENDANT LOUIS JOHNSON: Yes, sir.
>
> …
>
> THE COURT: Well, which to be clear, it would be impossible in this case for me to go beyond the statutory maximum.
>
> MR. JENKINS: That's right.
>
> MR. BOITMANN: That's correct.
>
> THE COURT: So, as the plea agreement then states that really your only rights of appeal, let me go over it again, are one, your Motion to Suppress, which is reserved; and two, if you were deprived of certain Constitutional rights including the effective assistance of counsel. Do you understand that, sir?
>
> THE DEFENDANT LOUIS JOHNSON: Yes, sir.

(Rec.Doc. No. 314 at 10-12). Furthermore, Petitioner attested in open court that he understood the plea agreement that he signed. (*Id.* at 20).

With respect to the voluntary nature of the plea, the Court specifically inquired whether Petitioner was influenced, induced or persuaded, in any manner, to plead guilty because of any threats made by anyone, to which he answered negatively. (*Id.* at 17-18). There is no evidence of, nor does Petitioner allege, any actual or threatened physical harm, or mental coercion overbearing the will of the defendant. Again, at the time of the plea, the Court specifically questioned and was satisfied that the defendant was entering into the plea voluntarily, and the Court is satisfied that Petitioner made an informed and voluntary waiver of post-conviction relief.

    **C.**    **Ineffective Assistance of Counsel**

Where a petitioner has waived his right to relief under 28 U.S.C. § 2255, the waiver applies to claims of ineffective assistance of counsel with two important exceptions. *See White*, 307 F.3d at 339. A petitioner's waiver is not valid where: 1) he argues that the ineffective assistance of his counsel rendered his waiver involuntary; or 2) he argues that he received ineffective assistance of counsel at his sentencing and that all ineffective assistance of counsel arguments are immune from waiver. *See id.* Here, Petitioner argues the first alternative and asserts in his motion that "but for any of these errors [by counsel], Petitioner would not have pled guilty but would have insisted on proceeding to trial." (Rec.Doc. No. 361 at 4).

To make a valid claim for ineffective assistance of counsel, a petitioner must demonstrate both prongs of the test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L. Ed. 2d 674 (1984). He must show that: 1) his counsel's performance was deficient; and 2) his counsel's deficient performance prejudiced his defense. *Id.* at 687, 104 S.

4

Ct. at 2064.  While *Strickland* concerned a capital sentencing proceeding, the United States Supreme Court has held that the same test applies to claims of ineffective assistance of counsel during the plea process.  *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985).   As to the first prong of the test, a defendant must show that "counsel's representation fell below and objective standard of reasonableness." *Id.* at 57, 106 S. Ct. at 369 (quoting *Strickland*, 466 U.S. at 687-688, 104 S.Ct. at 2065.). The defendant must also show, however, that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (quoting *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.).  This two-part test applies when a defendant challenges his guilty plea based on ineffective assistance of counsel. *Id.* at 58, 106 S. Ct. at 370.  In this context, the "prejudice" requirement hinges on whether counsel's constitutionally defective performance caused the defendant to plead guilty. *Id.* at 59, 106 S. Ct. at 370.  In other words, the defendant must prove "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*  Finally, this Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065.

Petitioner asserts that his counsel rendered ineffective assistance of counsel in the following respects:

- His counsel failed to "inform and advise Petitioner of the violations of Petitioner's statutory and constitutional rights to a speedy trial";

- His counsel was not present "during two meetings with prosecutors who threatened Petitioner with a life sentence unless he pled guilty";

- His counsel failed "to investigate and review any of Petitioner's witnesses, although requested by Petitioner";

- His counsel failed "to show any discovery to Petitioner and to explain the true nature and elements of the offense";

- His counsel gave "erroneous advice as to the sentence Petitioner would receive";

- His counsel failed "to properly argue the motion to suppress";

- His counsel "failed to put on any evidence, and failed to make the proper arguments during sentencing to sustain the objection to the 4 level leadership enhancement [and] failed to raise the issue on appeal."

(Rec.Doc. No. 361 at 4-5, 7).

### 1.     Speedy Trial Violation

Petitioner, in his guilty plea, waived his right to raise a claim of a speedy trial violation in any post-conviction proceeding, such as the instant motion. *See United States v. Cothran*, 302 F.3d 279, 285-86 (5th Cir. 2002) ("A plea of guilty admits all the elements of a formal criminal charge and waives all non-jurisdictional defects in the proceedings leading to conviction."); *United States v. Bell*, 966 F.2d 914, 915 (5th Cir. 1992) ("In the Fifth Circuit, a speedy trial violation is a non-jurisdictional defect waived by a guilty plea."); *United States v. Broussard*, 645 F.2d 504, 505 (5th Cir. 1981) ("The entry of a knowing and voluntary guilty plea waives all non-jurisdictional defects in the proceeding. This disposes of the speedy trial claim.").

Petitioner contends that he received ineffective assistance of counsel because counsel failed to protect Petitioner's right to a speedy trial. Criminal trials must commence within seventy days of the defendant's initial appearance or the filing of *an indictment*, whichever is later. 18 U.S.C. § 3161(c)(1). Where the government files a superseding indictment, as long as "[t]here is no abuse of the superseding indictment system," the trial must commence within seventy days "of the arraignment on the superseding indictment." *United States v. Harris*, 566 F.3d 422, 429 (5th Cir. 2009). The Speedy Trial Act allows certain events permissibly to pause the seventy-day clock. *See* 18 U.S.C. § 3161(h). For example, delays from

6

pretrial motions and the actions of codefendants are automatically excludable. *See id.* at § 3161(h)(1)(d); (3)(B)(6); *see also United States v. Bermea*, 30 F.3d 1539, 1567 (5th Cir. 1994) ("[T]he excludable delay of one defendant may be attributed to *all* defendants."). Furthermore, any period of continuance is excludable from the speedy trial calculation "if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* at § 3161(h)(7)(A).

Here, after a review of the record, the Court is satisfied that Petitioner's speedy trial clock was appropriately paused at various times under the statutory authority of the Speedy Trial Act and properly restarted by the filing of superseding indictment expanding the scope of the criminal investigation by adding additional conspirators to the case. (*See, e.g.*, Rec.Doc. No. 122) (citing 18 U.S.C. § 3161(h)(8)(A); (B)(i); (B)(iv); (B)(ii)); *see also Harris*, 566 F.3d at 429. As fewer than seventy non-excludable days lapsed between Petitioner's arraignment on the first superseding indictment and his guilty plea, there can be no *Strickland* violation. Petitioner has demonstrated neither deficient performance nor prejudice.

### 2. Prosecutor's Threats

Petitioner alleges that, without the assistance of counsel, he had two meetings with prosecutors where he was threatened with a life sentence if he did not plead guilty. However, Petitioner does not make any specific allegations as to what dates and with whom such meetings occurred; nor does he allege that he signed his plea agreement at one of these meetings or made any statements that were used against him. Additionally, this allegation is in direct conflict with Petitioner's statement under oath that he was not "influenced, induced or persuaded in any manner to plead guilty because of any threats made by anyone." (Rec.Doc. No. 314 at

18).  Finally, the government denies that any such meetings occurred.  (Rec.Doc. No. 384 at 13).  The Court thus has no basis to conclude that any such meetings ever occurred.  Petitioner has not made sufficient allegations to sustain a claim of ineffective assistance of counsel.  *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) ("This Court has made clear that conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding.").

### 3. Counsel's Failure to Investigate

Petitioner claims that he "repeatedly told counsel that the guns belonged to his friend, who would admit that the firearms all belonged to him and that they had been left at Petitioner's house so they could attend a ball game."  (Rec.Doc. No. 361 at 4).  Petitioner argues he received ineffective assistance of counsel because his attorney failed to ask Petitioner's friend to admit to owning the firearms and therefore his "guilty plea to the 924(c) charge was unknowing and involuntary."  (Rec.Doc. No. 391 at 12).  However, any person who "possesses a firearm" (regardless of ownership) in furtherance of a drug trafficking crime is in violation of that provision.  18 U.S.C. § 924(c)(1)(A).  A defendant may constructively possess a firearm in furtherance of a drug trafficking crime by keeping drugs and a firearm in his home.  *See United States v. Arnold*, 467 F.3d 880, 882-83 (5th Cir. 2006) (quoting *United States v. Cardenas*, 748 F.2d 1015, 1019 (5th Cir. 1984)) ("Possession may be either actual or constructive.  Constructive possession is found if the defendant knowingly has 'ownership, dominion or control over the contraband itself or over the premises in which the contraband is concealed.'").  In *Arnold*, while the defendant was not home, police searched his apartment pursuant to a search warrant and found more than fifty grams of crack cocaine and a firearm.  *Id.* at 882.  The defendant was charged with two of the same counts as Petitioner here: "possession with intent to distribute

more than 50 grams of crack in violation of 21 U.S.C. § 841(a)" and "possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)."  *See id.*  The defendant tried to argue that he did not own or live in the apartment, but the jury found that he did and convicted him on all counts, including the abovementioned two.  *See id.* at 883.

Here, under the authority of a search warrant, federal agents searched Petitioner's residence and found 334.4 grams of crack cocaine, 1550.3 grams of powder cocaine, an AK-47 assault rifle, and a .45 handgun.  (Rec.Doc. No. 223 at 14).  Petitioner admits that the contraband was found at his residence.  (*See* Rec.Doc. No. 314 at 23)  Petitioner's sole argument is that he did not own the firearms while admitting that he permitted his co-defendant to keep the firearms in Petitioner's home.  (Rec.Doc. No. 361 at 4; 391 at 12).  Based on the evidence in the record, Petitioner constructively possessed the firearms in violation of 18 U.S.C. § 924(c) because he exercised dominion and control over the premises where he knew the contraband was concealed.  *See Arnold*, 467 F.3d at 883.  Petitioner thus fails to overcome the presumption that, under these circumstances, his counsel's decision not to pursue an argument over the ownership of the firearms "might be considered sound trial strategy." *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065.

### 4. Counsel's Failure to Show or Explain Discovery Materials

Petitioner argues that "[c]ounsel's failure to review the discovery materials with Petitioner prevented Petitioner from making an informed decision whether he should plead or proceed to trial [and] had he been aware of the lack of admissible evidence available to the government, Petitioner would have elected to proceed to trial."  (Rec.Doc. No. 391 at 12-13).  Petitioner does not articulate a specific claim, nor does he allege what evidence was withheld him or how he was prejudiced in his proceedings.  Furthermore,  when the Court asked the

Petitioner if he had enough time to review the case with his attorney, Petitioner responded that he did. (Rec.Doc. No. 314 at 5). Petitioner also informed the Court that he was satisfied with his counsel's performance. *Id.* Petitioner's conclusory allegations are further contravened by the fact that his counsel moved to suppress evidence and reserved that motion for appeal. Consequently, Petitioner has not met his burden of demonstrating either deficient performance or prejudice. *See Miller*, 200 F.3d at 282; *see also Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064.

### 5. Counsel's Erroneous Advice as to Petitioner's Sentence

Petitioner argues that his counsel informed him that his plea agreement "would result in a likely sentence of 10-years or less." (Rec.Doc. No. 391 at 13). However, when the Court asked the Petitioner, "Has anyone, including your attorney, told you exactly what sentence I will impose if I accept your plea of guilty?" the Petitioner responded, under oath, "No." (Rec.Doc. No. 314 at 18). Furthermore, the Court specifically told the Petitioner, "If I accept your plea of guilty I must sentence you to at least 15 years of imprisonment, and at least five years of supervised release. Do you understand that?" and the Petitioner stated that he understood. (*Id.* at 13). The Petitioner, therefore, was well aware that his sentence would be at least fifteen years and that any promise, if one had indeed ever been made, that the sentence would be ten years or less could not and would not be fulfilled.

Petitioner's uncorroborated claim now is directly contradictory to his statement under oath. Regardless, Petitioner was informed by the Court that his possible sentence range was fifteen years to life and, with that knowledge, Petitioner insisted on changing his plea to guilty. Therefore, Petitioner cannot prove that he was prejudiced because he chose to change his plea after being fully informed by the Court.

10

### 6. Counsel's Failure to Properly Argue the Motion to Suppress

Petitioner argues that, while his counsel moved to suppress evidence obtained from a Title III wiretap and raised the issue on appeal, his counsel fell below the standard of reasonableness by not arguing that the government must reveal the identity of the confidential informant. (Rec.Doc. No. 361 at 5). However, there is a longstanding privilege protecting that identity of confidential informants. *See Roviaro v. United States*, 353 U.S. 53, 59, 77 S. Ct. 623, 627, 1 L. Ed. 2d 639 (1957). Petitioner fails to cite any authority demonstrating that he would have been successful in compelling the government to reveal the identity of its confidential informant. Petitioner's merely conclusory allegation that the Court would have compelled the government to reveal the identity of the confidential informant but for counsel's deficient performance is not sufficient to sustain a claim of ineffective assistance of counsel. *See Miller*, 200 F.3d at 282.

### 7. Counsel's Failure to Properly Argue against Leadership Enhancement and Failure to Raise the Issue on Appeal

Petitioner argues that, while his counsel objected to the leadership enhancement and filed a well-argued memorandum in support of the objection, his counsel failed to subpoena Petitioner's five co-defendants because "at least one of [them] would have testified truthfully and the enhancement would not have been imposed." (Rec.Doc. No. 361 at 7). Such wrought speculation as to the testimony of co-defendants cannot sustain a claim of ineffective assistance of counsel. *See United States v. Bertram*, 987 F.2d 771, 1993 WL 37153, at *3 (5th Cir. Mar. 1, 1993) ("Self-serving assertions about the testimony of uncalled witnesses are insufficient for post-conviction relief."). As to Petitioner's claim that counsel failed to raise the issue on appeal, Petitioner waived his right to appeal his sentence in his plea agreement. (Rec.Doc. No. 224 at 2).

Petitioner fails to establish that his attorney's representation was deficient or that he was prejudiced by any alleged deficiency. Accordingly, Petitioner's § 2255 motion to vacate conviction and sentence is **DENIED**.

New Orleans, Louisiana, this 22nd day of April, 2014.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE